UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 3:09-CR-294-M (01) |
| | § | |
| HOSAM MAHER HUSEIN SMADI | § | |

**MOTION TO DISMISS THE INDICTMENT AS IT
IS BASED ON AN UNCONSTITUTIONAL STATUTE
AND FOR FAILURE TO STATE A FEDERAL OFFENSE,
FOR LACK OF FEDERAL JURISDICTION
AND BRIEF IN SUPPORT**

Defendant HOSAM MAHER HUSEIN SMADI ("SMADI"), through undersigned counsel, respectfully asks this Court to dismiss the indictment against him, because: (1) it is based on an unconstitutional statute; (2) it fails to state a federal offense for lack of federal jurisdiction; and (3) it violates the Defendant's right to a grand jury finding on each of the elements.

**Note: with regard to § 2332a, Smadi notes that the Fifth Circuit has already ruled contrary to his claim, see United States v. Reynolds 381 F.3d 404, 407 n2. (5th Cir. 2004), but he raise the issue to preserve it for further review.**

### Introduction.

Defendant is charged by indictment with violating 18 U.S.C. §§ 2332a and 2332f. The defendant attacks the constitutionality of these statutes and the sufficiency of the indictment based on the lack of a sufficient connection to interstate commerce. The thrust of defendant's argument is that § 2332a allows for federal conviction despite the lack of a requirement that there be an actual affect on interstate commerce or a facility of interstate commerce, and § 2332f has no interstate commerce requirement, nor is one alleged in the indictment. Thus, the statutes, and more specifically the charges in this indictment, are unconstitutional and fail to allege a federal case. C.f., United States v. Morrison, 529 U.S. 598, 627 (2000), and Jones v. United States, 529 U.S. 848, 859 (2000).

## Analysis

**A.   The Statutes are unconstitutional.**

In <u>Morrison</u>, the High Court considered the provisions of the Violence Against Women Act (VAWA), which provided a federal civil remedy for the victims of gender-related violence (42 U.S.C. § 13981). The Court held that, in enacting § 13981, Congress exceeded its powers under the Commerce Clause; in so holding, the Court pointedly "reject[ed] the argument that Congress may regulate noneconomic, violent criminal conduct based solely on that conduct's aggregate effect on interstate commerce." <u>Morrison</u>, 529 U.S. at 617. The Court also stressed that the interdiction of crime is, by and large, a state function, to be undertaken pursuant to the general police powers possessed by the states and not the federal government. <u>see</u> <u>id.</u>

Like that Act, § 2332f has no interstate commerce nexus. Admittedly, the statutory provision at issue in <u>Morrison</u> did not contain an "interstate commerce nexus" like that present in § 2332a. But this is a distinction without a difference. Only a week after the High Court decided <u>Morrison</u>, it released its decision in <u>Jones</u>. There, the Court considered whether a private residence was "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce," for purposes of 18 U.S.C. § 844(i), the federal arson statute. <u>See</u> <u>Jones</u>, 529 U.S. at 850.

A unanimous Court held that the private home in question was not "used in interstate . . . commerce or in any activity affecting interstate . . . commerce" simply because (1) the mortgage lender for the home was based out of state; (2) the casualty insurer for the home was located out of state; and (3) the home received natural gas from sources out-of-state. <u>See</u> <u>id.</u> at 854-57  The Court observed that a contrary ruling would raise a grave constitutional question whether § 844(i), as so

2

interpreted, exceeded Congress's power to regulate under the Commerce Clause. See id. at 857-58. The Court also applied the rule of lenity and the principle that "unless Congress conveys its purpose clearly, it will not be deemed to have significantly changed the federal-state balance in the prosecution of crimes." Id. at 858.

As pertinent to this case, § 2332a requires that the government prove only that had the offense come to fruition that the results of the offense would have affected interstate commerce; § 2332f has no requirement of an affect on interstate commerce. This case involved no real bomb and no real threat to interstate commerce nor to anything involved in interstate commerce.

**Wherefore,** Smadi prays the indictment be dismissed.

        Respectfully submitted,

        Respectfully submitted,
        RICHARD ANDERSON
        Federal Public Defender
        Northern District of Texas

        BY:   /s/ Peter Fleury
        PETER M. FLEURY
        Asst. Federal Public Defender
        819 Taylor Street, Room 9A10
        Fort Worth, TX  76102-4612
        (817) 978-2753
        Texas State Bar No. 07145600

## **CERTIFICATE OF CONFERENCE**

  I, hereby certify that, I, Peter M. Fleury, attorney for defendant, have conferred with Dayle Eliason, the Assistant United States Attorney assigned to this matter, and she advised the government opposes the motion.

                 /s/ Peter Fleury
                 PETER FLEURY

## **CERTIFICATE OF SERVICE**

  I, Peter Fleury, hereby certify that on May 7, 2010, a copy of the foregoing motion was electronically delivered to the Assistant United States Attorneys assigned to this case.

                 /s/ Peter Fleury
                 Peter Fleury

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 3:09-CR-294-M (01) |
| | § | |
| HOSAM MAHER HUSEIN SMADI (1) | § | |

## ORDER

Considering the motion of defendant HOSAM MAHER HUSEIN SMADI to dismiss the indictment against him because the statutes upon which it is based is unconstitutional, for failure to state a federal offense, or alternatively, for lack of federal jurisdiction, the Court finds that said motion is/is not meritorious; accordingly,

IT IS ORDERED that the motion be GRANTED/DENIED and the indictment against defendant HOSAM MAHER HUSEIN SMADI be, and hereby is, DISMISSED.

SIGNED this __ day of May, 2010.

FORT WORTH, TEXAS.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE